FILED
2005 Aug-10 PM 12:14
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ALABAMA SOUTHERN DIVISION

| | | |
|---|---|---|
| **JONATHAN DECARLE,** | ) | |
| **PLAINTIFF,** | ) | |
| **VS.** | ) | **2:05-cv-01579-JHH** |
| **EARLEAN ISSAC, appointed individual who is in the capacity of conservator for Michelle Harden, a/k/a Michelle Tyres; TRUDIE COX; and PATTA STEELE, attorney ad litem,** | ) ) ) ) ) ) | |
| **DEFENDANTS** | ) | |

## MEMORANDUM OF DECISION

This action involves an on-going proceeding in the Probate Court of Greene County, Alabama, wherein defendant Earlene Issac, Judge of Probate, apparently appointed defendant Mrs. Trudie Cox as conservator of the property in the Estate of Michelle Harden (plaintiff's mother), and appointed defendant Patta Steele as an attorney *ad litem*. The complaint herein was filed July 25, 2005 and supplemented August 1, 2005. On August 2, 2005 the court expressed concern with its jurisdiction to entertain this case and was totally satisfied the documents failed to

state a claim upon which relief could (or at least should) be granted. The court ordered plaintiff to file an amended complaint (supplying to plaintiff copies of appropriate Rules). Plaintiff filed his response to that order August 5, 2005.

While the court is still of the opinion that the complaint wholly fails to state a claim upon which relief may be granted by this court, the court has a more compelling reason why this action should be dismissed. The fact situation presented is precisely the type situation contemplated by <u>Colorado River Water Conservation District vs. United States</u>, 424 U.S. 800 (1976) regarding abstention. There is a parallel action in state court in which that court has assumed jurisdiction over subject property. The state court is clearly the more convenient forum for resolving the issues and obtained jurisdiction over the property prior to the commencement of this action. That court has the obligation to protect the rights of the parties in and to the property, and any conflicting rights to the property will be resolved by that court totally by applicable state law. Were this court to exercise jurisdiction the interest in subject property would be subjected to piecemeal litigation which is not necessary. Assuming that this court has jurisdiction over some aspect of the issues presented by the complaint, as amended, pending in this court, the court will by separate order abstain from exercising such jurisdiction.

See Ambrosia Coal and Construction Company v. Morales, 368 F.3d 1320 (11th Cir. 2004).

 **DONE** this the   10th   day of August, 2005.

            /s/ James H. Hancock
            SENIOR UNITED STATES DISTRICT JUDGE